**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

MEYZEN FAMILY REALTY ASSOCIATES, LLC,    Chapter 11
                                         Case No:18-23419

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

LA CREMAILLERE RESTAURANT CORP.,    Chapter 11
                                    Case No: 19-22823

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### APPLICATION AND AFFIRMATION TO WITHDRAW AS COUNSEL FOR DEBTOR PURSUANT TO SOUTHERN DISTRICT OF NEW YORK LOCAL BANKRUPTCY RULE 2090-1

    H. Bruce Bronson, an attorney duly admitted to practice before this Court of the State of New York and the Southern District of New York ("Counsel"), affirms under penalty of perjury as follows:

1. Counsel is familiar with the facts and circumstances of this case.

2. During the course of my representation of Meyzen Family Realty Associates, LLC ("Meyzen") and La Cremaillere Restaurant Corp. ("La Cremaillere") (jointly the "Debtors"), I drafted the chapter 11 bankruptcy petitions and local rule 1007 affidavits, attended the initial debtor interviews, and attended the initial case conferences. I also attended the 341 hearings, prepared my retention agreements and a retention agreement for a commercial real estate broker, prepared a cash collateral motion for both Debtors, prepared operating reports, corresponded with the tax authorities that are creditors of Debtors, and filed operating reports for Meyzen.

3. I have worked closely with the broker, Sivlio Benedetto, who was recently approved by the Court as the commercial broker for Meyzen and La Cremaillere. Mr. Benedetto has sourced several potential purchasers and has obtained at least one initial letter of intent.

4. Over the course of my representation of Debtors I have reached an impasse regarding certain documentation.

5. Pursuant to NYRPC 1.16(c)(7), a lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

6. "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4-*5 (S.D.N.Y. May 11, 2011); see also *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990)(allowing attorney to withdraw because "relationship between the paties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328 at *8-*9 (S.D.N.Y. Oct. 21, 1997)("[T]he client and Counsel have irreconcilable differences, that is a satisfactory reason to allow Counsel to withdraw.")

7. As a result of Counsel's loss of confidence in Debtors' documentation, Counsel is compelled to withdraw and cease representation.

8. Accordingly cause exists to permit Bronson Law Offices, P.C. and H. Bruce Bronson to withdraw as Counsel.

9. No prior application for relief requested herein has been made.

**WHEREFORE,** for the foregoing reasons, Counsel respectfully requests that the Court enter an order granting this application.

Dated: July 16, 2019
Harrison, New York

/s/ H. Bruce Bronson
H. Bruce Bronson, Esq.
Attorney for Debtor
Bronson Law Offices, P.C.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (Tel.)
888-908-6906 (Fax)
hbbronson@bronsonlaw.net